# ATTACHMENT 1

DOC NO
REC'D/FILED

2021 OCT 21  AM 11:52

PETER OPPENEER
CLERK US DIST COURT
WD OF WI

# COMPLAINT FORM

**(for filers who are prisoners without lawyers)**

## IN THE UNITED STATES DISTRICT COURT
**FOR THE** Western **DISTRICT OF** Wisconsin

(Full name of plaintiff(s))

Ryan Lewis Steinhoff

**vs**

(Full name of defendant(s))
John Doe Officers
and Sheriffs of: Taylor County
Sheriff's Department, Clark County
Sheriff's Department, Price County
Sheriff's Department and Matthew Malovrh (Clark Co. Sheriff) Deputy

Case Number:
21-cv-664-wmc

(to be supplied by clerk of court)

## A.   PARTIES

1.   Plaintiff is a citizen of Wisconsin , and is located at
(State)

Dunn County Jail 615 Stokke Pkwy Menomonie, WI 54751
(Address of prison or jail)

(If more than one plaintiff is filing, use another piece of paper).

Additional Attachment of Defendants

1) John Doe Officers/Sheriff Larry Woehbeking
Taylor County Sheriff's Department
229 S. 2nd street
Medford, WI 54451

2) John Doe Officers/Sheriff Brian Schmidt
Price County Sheriff's Department
164 Cherry St.
Phillips, WI 54555

3) John Doe Officers/Sheriff Scott Haines
Clark County Sheriff's Department
517 Court St.
Neillsville, WI 54456

4) Investigator Matthew Malovrh
Clark County Sheriff's Office
517 Court St.
Neillsville, WI 54456

2.    Defendant _____

(Name)

is (if a person or private corporation) a citizen of _____

(State, if known)

and (if a person) resides at _____

(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for Taylor County, Price County and Clark County Sheriffs

(Employer's name and address, if known) Department

( See Attached )

(If you need to list more defendants, use another piece of paper.)

B.    STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1.    Who violated your rights;
2.    What each defendant did;
3.    When they did it;
4.    Where it happened; and
5.    Why they did it, if you know.

My rights were violated by officers,
involved in a multiple county task force
raid. They include John Doe Officers
from Taylor County Sheriffs Department,
Clark Co. Sheriffs Dept. and Price Co.
Sheriffs Dept. Also, Investigator Matthew
Malovrh (Clark Co. Sheriffs Office) is one
of the officers who admitted using force
on me. The other officers are unamed.

While serving a search warrant, on another residence, they were told of people in a camper on the edge of the property. Officers approached the camper, I came out, put my hands in the air and I was hit in the head with a rifle barrel. From there, they proceeded to stomp on my head, then I was finally cuffed. I received multiple stitches in my ear and ear drum damage that is permanant. I'm not sure who did exactly what yet.

Incident was on 10/28/2018 and it happened at N3879 STH Hwy 13 Medford, WI 54451. It was in front of a camper on the edge of that property.

This fits 4th Amendment Excessive Force and 4th Amendment Failure to Intervene to stop constitutional violation by another. Also, associated 4th Amendment State law claims. (See attached pgs. 27, 28, 32)

Attachment One (Complaint) – 3

C.    JURISDICTION

☒    I am suing for a violation of federal law under 28 U.S.C. § 1331.
              OR

☒    I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $Undisclosed. Fits state law as well for claims of battery and intentional infliction of emotional distress (under 4th Amendment)

D.    RELIEF WANTED

Describe what you want the court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or stop doing something.

① Plaintiff requests a "stay" pursuant to Younger v. Harris, 401 U.S. 37 (1971). A stay is appropriate because, "Damages would not be available to the plaintiff in pending criminal proceedings and so a stay ensures that claims do not become time-barred. Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013) Case #2018CF000097 Taylor County is still open, which is where this incident occured. ② Plaintiff requests United States Marshalls serve defendants and fees are waived ③ Plaintiff requests court-appoint counsel (See Attached pgs. 27, 28, 32 case law)

E.    JURY DEMAND

☒    Jury Demand - I want a jury to hear my case
                    OR

☐    Court Trial – I want a judge to hear my case

Dated this 15th day of October 20 21.

Respectfully Submitted,

Ryan Stewf
Signature of Plaintiff

_____
Plaintiff's Prisoner ID Number

Dunn County Jail 615 Stokke Parkway
Menomonie, WI 54751
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper).

## REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

☒    I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a request to proceed in the district court without prepaying the fee and attached it to the complaint.

☐    I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.

# Claims Arising Under the Fourth Amendment (non-prisoners).

### I.    Excessive Force

The Fourth Amendment prohibits unreasonable search and seizures. An excessive force claim alleges an unreasonable seizure (through the use of improper force) by the governmental official in violation of the Fourth Amendment. *Alicea v. Thomas*, 815 F.3d 283, 288 (7th Cir. 2016) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). The relevant question is whether the use of force was objectively reasonable in light of the totality of the circumstances. *Fitzgerald v. Santoro*, 707 F.3d 725, 733 (7th Cir. 2013) (citing *Graham*, 490 U.S. at 396). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396; *Compare Flournoy v. City of Chicago*, 829 F.3d 869 (7th Cir. 2016) (affirming jury verdict finding no Fourth Amendment violation when SWAT team used flashbang grenade in executing search warrant for home of known armed drug dealer), *with Becker v. Elfreich*, 821 F.3d 920, 928 (7th Cir. 2016) (finding of excessive force when police officer continued to place knee in suspect's back, pulled him down three stairs, and allowed a police dog to continue to violently bite his leg after the suspect had surrendered).

The reasonableness of the force is judged from the perspective of a reasonable officer in the defendant's position, rather than with 20/20 hindsight. *Fitzgerald*, 707 F.3d at 733 (citing *Graham*, 490 U.S. at 396). "An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." *Graham*, 490 U.S. at 397. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Id.* at 396. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 397.

Summary judgment is often inappropriate in excessive force cases because the evidence surrounding the officer's use of force is susceptible to different interpretations, and the parties have different recollections of what occurred. *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 862 (7th Cir. 2010). However, summary judgment is proper in an excessive force case when there is no genuine issue of material fact between the

parties, and the moving party is entitled to judgment as a matter of law. *Catlin v. City of Wheaton*, 574 F.3d 361, 367 (7th Cir. 2009). Even if there is a dispute between the parties regarding what happened, summary judgment is permissible if one story is "blatantly contradicted by the record, so that no reasonable jury would believe it . . . ." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (holding that party's position was contradicted by videotape of incident, requiring court to reject party's position on what occurred and instead rely on videotape).

In addition to the federal constitutional excessive force claim, a plaintiff may also bring associated state law claims such as battery and intentional infliction of emotional distress.

## II. Failure to Intervene to Stop Constitutional Violation by Another

A common allegation is that a police officer used excessive force while a second police officer stood idly by and did nothing to stop the assault. In that situation, there is both a claim against the officer using excessive force, and the second officer who failed to intervene.

A governmental official cannot stand idly by when she has a reasonable opportunity to stop the constitutional violation of another government official. *See Sanchez v. City of Chicago*, 700 F.3d 919, 926 (7th Cir. 2012). A claim requires a showing that the government official: (1) knew her fellow official was violating the constitution; and, (2) had a realistic opportunity to intervene to stop the violation. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2007).

For second official to be held liable for failing to intervene, the underlying conduct of the first official must be unlawful. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) ("In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation. . . ."). Additionally, as with all civil rights based claims, a government official can only be held liable if her individual conduct violates the Constitution. The officer cannot be held liable under a vicarious liability theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (reiterating well established principle that there is no vicarious liability for government officials in civil rights litigation).

Additionally, the fact that a government official knows of a constitutional violation does not automatically mean she is liable for failing to intervene. The official instead, must have had a realistic opportunity to intervene to stop the violation. A governmental official cannot be held liable for failing to intervene when her governmental position does not give her a realistic opportunity to intervene. *Burks v.*

28

of the claim occurred. *King v. One Unknown Federal Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000). Claims from Illinois and Indiana have a two-year statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (Illinois); *King*, 201 F.3d at 913 (Indiana). Claims from Wisconsin are governed by a six-year statute of limitations. *Wudtke v. Davel*, 128 F.3d 1057, 1061 (7th Cir. 1997).

An excessive force claim accrues immediately at the time of the alleged incident, while a false arrest and false imprisonment claim accrues at the time the person is brought before a magistrate or arraigned on charges. *Wallace*, 549 U.S. at 396; *Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016); *Parish v. City of Elkhart*, 614 F.3d 677, 681 (7th Cir. 2010). Thus, there is little to no delay in the running of the statute of limitations after the occurrence of the challenged incident.

The rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), rarely applies to Fourth Amendment based claims. *Hill v. Murphy*, 785 F.3d 242, 245 (7th Cir. 2015). The Rule of *Heck* holds that a civil right suit cannot be brought if the suit would result in a finding that a conviction or sentence is invalid, unless the conviction has been overturned or otherwise invalidated. 512 U.S. at 486-87. Additionally, when a claim is controlled by *Heck*, the claim does not accrue, and therefore, the statute of limitations does not begin to run, until the conviction is set aside. *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014).

*Heck* is rarely applied with Fourth Amendment claims because these claims traditionally do not implicate a conviction or sentence. The reason is that a person can be lawfully convicted and sentenced despite a Fourth Amendment violation. *Wallace v. City of Chicago*, 440 F.3d 421, 426-28 (7th Cir. 2006). However, it is possible to implicate *Heck* based on the particular facts involved with the Fourth Amendment claim. *Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010) (*Heck* applied when conviction is for resisting arrest); *Okoro v. Callaghan*, 324 F.3d 488, 489 (7th Cir. 2003) (*Heck* applied to claim for theft of gems when jury rejected his claim at criminal trial that he was trying to sell gems instead of selling drugs).

As an additional point, if a plaintiff does not know the identity of a defendant, she may initially name the defendant as a John Doe, and also name a supervisory official as a defendant for the purpose of conducting discovery to identify the John Doe. *Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 556 (7th Cir. 1996). For example, a plaintiff may name a John Doe police officer, and also the Chief of Police as a defendant for discovery purposes to identify the John Doe. The naming of the defendant as a John Doe is insufficient to satisfy the statute of limitations. Instead, the plaintiff must submit an amended complaint naming the identified officer defendant before the expiration of the statute of limitations. *Donald*, 95 F.3d at 561.