IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RYAN LEWIS STEINHOFF,

Plaintiff,

OPINION AND ORDER

v.

21-cv-664-wmc

MATTHEW MALOVRH and
CLARK COUNTY,

Defendants.

---

This case is on remand to determine whether defendant Investigator Matthew Malovrh of the Clark County Sheriff's Office, violated plaintiff Ryan Steinhoff's rights under the Fourth Amendment by using "greater force than was reasonably necessary" during his arrest. *See, e.g., Becker v. Elfreich*, 821 F.3d 920, 925 (7th Cir. 2016) (setting forth Fourth Amendment's "reasonableness" standard for assessing excessive force claims) (citation omitted). The arrest occurred after multiple law enforcement officers executed a search warrant for methamphetamines, based on a previous controlled buy, at a rural property in Medford, Wisconsin, where Steinhoff, an alleged drug dealer with a history of violent crime, was living in a camper.

The case is set for a jury trial beginning on September 14, 2026. In advance of the final pretrial conference ("FPTC") scheduled for September 1, 2026, at 2:30 p.m., this opinion and order will address the parties' joint stipulation regarding orders on the parties' motions in limine ("MILs") from this lawsuit's first trial in 2024, dkt. #141, and their MILs submitted in advance of the upcoming trial date, dkt. ##146, 147.

OPINION

## I. The Parties' Joint Stipulation, dkt. #141

In advance of the trial held previously in 2024, this court ruled on numerous MILs filed by the parties. (Dkt. #93.)[1] On remand, the parties conferred about those rulings and stipulated to certain orders they agreed are applicable to the 2026 trial. (Dkt. #141.) Accordingly, the court will enforce its previous orders on plaintiff's MIL ## 1-5, and 7 and defendant's MIL ##1, 2, and 5 from the 2024 trial.

## II. The Parties' New MILs

### A. Plaintiff's Omnibus MIL, dkt. #146

#### 1. MIL #1

Plaintiff moves this court to preclude defendants from characterizing or referring to him as a "criminal," "convict," "drug dealer," "inmate," "prisoner," or similar pejorative labels, arguing that these terms would invite bias rather than aid the jury's determination of whether Malovrh acted reasonably at the time of plaintiff's arrest. As a substitute, plaintiff moves this court to instruct defendants to refer to plaintiff as "Mr. Steinhoff" or "Plaintiff." In response, defendants do "not object to a reasonable limitation preventing pejorative argument," but argue that such an order would "strip the encounter of its context by preventing witnesses from accurately describing why law enforcement was executing the search warrant, what crimes were under investigation, or plaintiff's custodial status where those facts become relevant." (Dkt. #160, at 1-2.) This motion will be GRANTED IN

[1] For convenience, the court has attached its prior order and opinion.

PART and DENIED IN PART.

While agreeing with both parties that a limit on the use of prejudicial labels is appropriate but, as it did with plaintiff's MIL #2 from the 2024 trial, the court recognizes that plaintiff's criminal history, specifically the history known to Malovrh, may be relevant to the jury's assessment of the reasonableness of Malovrh's actions while taking plaintiff into custody. *Graham v. Connor*, 490 U.S. 386, 397 (1989). A broad ban on the use of all terms and phrases identified by plaintiff would likely interfere with witness testimony necessary to understand what Malovrh knew at the time the search warrant was being executed. Accordingly, defendants may elicit testimony referring to plaintiff by such labels when discussing what Malovrh knew of plaintiff's history at the time the search warrant was executed.

**2. MIL #2**

Plaintiff moves this court to preclude evidence or testimony concluding or offering lay opinions as to whether plaintiff was "resisting" arrest, potentially "in flight" or "going to flee," or presenting a "threat," or as to whether the Malovrh's response was "reasonable." In support, plaintiff argues that allowing witnesses to offer opinion testimony on these issues would allow them to assume the jury's role, unfairly prejudicing plaintiff, and further that excluding these conclusions would not inhibit defendants' witnesses, who could still properly testify to the underlying facts each witness observed. Defendants agree that no witnesses should be permitted to offer a legal opinion or conclusion but argue that describing plaintiff's behavior as resistance, attempted flight, noncompliance, or threatening is materially different and highly relevant. This motion will be GRANTED IN

PART and DENIED IN PART.

Defendants are correct. Federal Rule of Evidence 701 permits lay witness opinions that are rationally based on that witness's perception and helpful to determine a fact in issue. Accordingly, a lay witness could offer opinions on whether plaintiff was resisting arrest, in flight, or presenting a threat or whether defendant's response was reasonable based on what they observed and their own understanding of those terms. Then, based on that testimony, it is the jury's job to consider the evidence and to determine whether defendant's use of force was reasoanble. *See Thompson v. City of Chicago*, 472 F.3d 444 (7th Cir. 2006) (it was proper for the jury to assess the reasonableness of defendant's use of force "by considering testimony describing a rapidly evolving scenario in which [plaintiff] attempted to evade arrest by leading the police on a high speed chase, crashed his car, and actively resisted arrest."). Accordingly, defendants may offer evidence or elicit testimony that plaintiff was "resisting" arrest, potentially "in flight" or "going to flee," or presenting a "threat," or as to whether the Malovrh's response was "reasonable"; however, no witnesses may offer legal opinions or conclusions.

**3. MIL #3**

Plaintiff moves this court to preclude evidence of the controlled buy pursuant to which the defendants sought and executed the search warrant, including: any testimony about the details of confidential informant purchases; the specific quantities purchased; and the circumstances of those transactions. In response, defendants argue that under *Graham*, the severity of the suspected crime and facts known to the officers are critical components of the objective-reasonableness analysis, making evidence of the controlled

buys relevant to Malovrh's assessment while taking plaintiff into custody. This motion will be GRANTED IN PART and DENIED IN PART.

Just like plaintiff's MIL #2 from the 2024 trial and MIL #1 above, this motion seeks to exclude evidence or testimony about information that Malovrh may have known about plaintiff at the time the search warrant was executed, meaning that it may be relevant to the jury's assessment of the reasonableness of Malovrh's actions. *Graham*, 490 U.S. at 397. Accordingly, defendants may elicit testimony regarding the details of the controlled buy, but only to the extent that they were discussed with Malovrh in the briefing prior to executing the warrant and only from witnesses with personal knowledge of that discussion.

**4. MIL #4**

Plaintiff moves this court to preclude reference to the first trial, the first jury's verdict, or the grounds for the new trial. This motion is GRANTED as unopposed.

**5. MIL #5**

Plaintiff moves this court to preclude evidence of any of Malovrh's commendations and/or pro admiration for corrections officials. This motion is GRANTED as unopposed.

**6. MIL #6**

Plaintiff moves to preclude evidence related to any lack of officer discipline, specifically, testimony, questioning, and argument related to the absence of discipline that Malovrh received following the incidents at issue, or that the officers involved otherwise might have a "clean" disciplinary record. Defendants argue that a categorical ban is overbroad and suggest that the court should "permit reference to whether an investigation

was conducted, what findings were made, and what action was taken, if relevant." (Dkt. #160, at 5.) However, permitting these references would contradict this court's order on plaintiff's MIL #4 from the 2024, which granted as unopposed plaintiff's motion to "[p]reclude evidence relating to any internal investigations into whether defendant engaged in wrongdoing." (Dkt. #93, at 4.) Following this court's previous order, this motion is GRANTED, unless plaintiff open the door by suggesting that defendant's disciplinary history is not "clean," in which case defendants may offer responsive evidence after confirming an opening at sidebar.

**B. Defendants' Omnibus MIL, dkt. #147**

**1. MIL #1**

Defendants move this court to preclude any argument regarding claims litigated on appeal that were decided in defendants' favor. In particular, defendants highlight that the Seventh Circuit affirmed this court's dismissal of plaintiff's claim of excessive force against Detective Cody Kowalczyk based on his split-second decision to take Steinhoff to the ground during his arrest, which defendants contend narrowed the scope of this trial to two issues: (1) whether Investigator Matthew Malovrh intentionally struck Plaintiff Ryan Steinhoff with his rifle on October 28, 2018, and if so, (2) whether that strike constituted excessive force under the Fourth Amendment. Based on this framing, defendants assert that any argument that the take-down of plaintiff constituted excessive force would contravene the Court of Appeals' express findings and holdings on appeal and they would necessarily prejudiced.

In response, plaintiff agrees that the claims against Kowalczyk were dismissed and

does not intend to re-raise claims against Detective Kowalczyk nor argue that he is liable for excessive force. However, plaintiff disagrees with defendants' framing of the issues. In particular, plaintiff argues that whether Malovrh intentionally struck plaintiff with his rifle is irrelevant and that he should be permitted to argue that Malovrh's participation in the take-down of plaintiff constituted excessive force regardless of his intent to hit plaintiff with his rifle. This motion is DENIED IN PART and GRANTED IN PART

In remanding this case, the Seventh Circuit identified that plaintiff's "primary contention is that Investigator Malovrh intentionally hit him in the head with his rifle as Detective Kowalczyk tackled him" (dkt. #125-1, at 10) but that plaintiff also brought "an alternative line of argument — that if Investigator Malovrh unintentionally hit him with his rifle during an intentional and, in Steinhoff's view, excessive tackle, Investigator Malovrh is liable for a Fourth Amendment violation" (*id.* at 12). The Seventh Circuit did not foreclose either theory, instead noting that the viability of both could be sorted out with additional fact-finding at trial. (*id.*) Accordingly, plaintiff is permitted to argue that Malovrh's alleged participation in tackling plaintiff amounted to excessive force but may not re-raise that claim against Detective Kowalczyk nor argue that he is liable.

**2. MIL #2**

Defendant moves this court to preclude any argument regarding claims that were dismissed and not appealed. Based on his understanding that this would encompass "(1) the previous claim against Captain Ramberg, and (2) the claim against Investigator Malovrh for us use of a knee restraint after the takedown," plaintiff does not oppose this motion. (Dkt. #159, at 6.) Accordingly, this motion is GRANTED as unopposed. Should

defendants believe that this order should be broader, they should address this issue at the FPTC.

**3. MIL #3**

Defendants move this court to preclude plaintiff from arguing that execution of the search warrant was improper or causal of the plaintiff's excessive force claim. Plaintiff does not oppose this motion but takes issue with defendants' statement in that "the jury's ultimate decision [is] whether Matthew Malovrh intentionally or unintentionally struck Steinhoff with his rifle," highlighting that the Seventh Circuit did not foreclose his alternate theory that excessive force liability may attach even if there was an unintentional rifle strike amidst an excessive tackle. Accordingly, defendant's motion is GRANTED as unopposed.

ORDER

IT IS ORDERED that plaintiff's and defendants' motions in limine are GRANTED and DENIED in whole or in part as set forth above.

Entered this 28th day of August 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge